**SPOKANE COUNTY LEGAL SERVICES, INC., et al., Plaintiffs,**

v.

**LEGAL SERVICES CORPORATION, Defendants.**

No. C–76–289.

United States District Court, E. D. Washington.

June 23, 1977.

gal Services program of Ben Franklin Legal Aid Association, Inc.

### V.

The hearings referred to in the preceding paragraph were conducted before Steven Walters, an employee of the Legal Services Corporation, who was not involved in the funding decisions being reviewed. The proceedings were held before a court reporter and counsel for all parties were present and permitted to examine witnesses.

### VI.

Prior to the hearings on December 6, 1976, a prehearing conference was held in Spokane, Washington, wherein all parties met with the hearing examiner and were represented by counsel.

### VII.

On January 10, 1977, post-hearing memorandums were submitted by counsel for all parties.

### VIII.

On January 24, 1977, a recommended final determination was made by the hearing examiner which recommended that the Ben Franklin Legal Aid Association, the Moses Lake, and the Clarkston Legal Services program be transferred to Evergreen Legal Services. It was further recommended that the Colville Legal Services program remain affiliated with the Spokane Legal Services program.

### IX.

As a result of the hearing procedures, on February 9, 1977, the president of Legal Services Corporation, Tom Ehrlich, made his final determination adopting the recommended determination of the hearing officer. That decision was implemented on April 1, 1977, by the transfer of funding and administration authority over the Moses Lake, Clarkston, and Ben Franklin program to the State wide program.

### X.

The Legal Services Corporation renotified the public of the funding decisions involved herein by publishing notice in the Federal Register on November 23, 1976. No comments were received by the Legal Services Corporation in response to the public notification.

### XI.

The Legal Services Corporation moved for summary judgment on the basis that the hearings had been conducted as requested and that the notification issue had been resolved by the republished notice.

### XII.

The plaintiffs, Spokane County Legal Services and Ben Franklin Legal Services, filed a Motion for Leave to Amend their Complaint to contest the constitutionality of the hearing process and to review the decision of the Legal Services Corporation issued by Thomas Ehrlich.

From the foregoing Findings of Fact, the Court enters the following:

### CONCLUSIONS OF LAW

### I.

Plaintiffs' Motion for Leave to Amend the Complaint on file herein is granted.

### II.

■ The republished notice referred to herein is adequate and complies with the requirements of 42 U.S.C. § 2996f(f).

### III.

■ The defendant's Motion for Summary Judgment is denied on the basis that the Amended Complaint supersedes the issues raised by the original Complaint and the issues raised by the Motion for Summary Judgment are moot in light of the filing of the Amended Complaint by the plaintiffs.

### IV.

■ The Legal Services Corporation is a private corporation and is not an agency of the United States Government. Steven Walters and Thomas Ehrlich are not officers or employees of the United States.

### V.

■ The decision of the Legal Services Corporation on the basis of the allegations in the plaintiffs' second Amended Complaint is not reviewable by this Court, and

this Court has no jurisdiction to hear the issues or grant the relief requested in the plaintiffs' Amended Complaint.

### VI.

.On the basis of lack of jurisdiction, the second Amended Complaint of the plaintiffs must be dismissed with prejudice.